IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

| | |
|---|---|
| NATCHEZ REGIONAL MEDICAL CENTER, | ] |
| | ] |
| Plaintiff, | ] |
| v. | ] |
| QUORUM HEALTH RESOURCES, LLC; JEFFREY S. WESSELMAN; and MICHAEL ANDERSON, | ]   5:09-CV-207-DCB-JMR |
| | ] |
| Defendants. | ] |

## DEFENDANTS' MOTION TO DISMISS

COME NOW the Defendants Quorum Health Resources, LLC, Jeffrey S. Wesselman, and Michael Anderson, and pursuant to Rule 12 of the Federal Rules of Civil Procedure respectfully request that this Honorable Court dismiss Counts 1, 3, 4, and 8 of the Plaintiff's Complaint for failure to state a claim and any of Plaintiff's claims arising before February 12, 2008, (Counts 1, 3, 4, 5, 6, 7, 8, and 9) as barred by the statute of limitations. As grounds for this Motion, Defendants state as follows:

## FACTUAL AND PROCEDURAL BACKGROUND

In 1992, Plaintiff Natchez Regional Medical Center ("Natchez Regional") entered into a Management Agreement with Defendant Quorum Health Resources, LLC ("QHR"), whereby QHR agreed to provide hospital management services for Natchez Regional in Adams County, Mississippi. (Compl. ¶ 21). The most recent Management Agreement was entered into in September 1999, and it was later amended on December 2, 2002; September 10, 2004; and June 11, 2007. (Compl. ¶ 21). The most recent amendment in June 2007 extended the term of the Management Agreement to September 30, 2009. (Compl. ¶ 22).

Defendant Jeffrey Wesselman acted as CFO of Natchez Regional pursuant to the Management Agreement from September 12, 2005, to February 2006, and then served as CEO of Natchez Regional from April 2006 until he left on March 24, 2008. (Compl. ¶ 4). Defendant Michael Anderson served as interim CFO of Natchez Regional from April 2006 until September 2007, at which time he became the CFO. He served in that position until January 2008. (Compl. ¶ 3).

Natchez Regional terminated the Management Agreement in February 2008. (Compl. ¶ 2). Natchez Regional filed for bankruptcy on February 12, 2009. (Compl. ¶ 10). Natchez Regional filed the Complaint in the above-styled action on December 7, 2009.

## LEGAL STANDARD

"To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999)). Nevertheless, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Additionally, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

For the purposes of this dismissal motion, the Defendants adopt the well pleaded complaint rule. In actuality, the Defendants dispute and deny many of the allegations of the Complaint, as will be revealed when answers are filed.

**ARGUMENT**

Notwithstanding the fact that the Court must accept "all well-pleaded facts as true," the Plaintiff has failed to state a claim that is "plausible on its face." The Defendants' motion to dismiss is due to be granted.

**I. Plaintiff's Tort Claims are Barred by the Statute of Limitations and Due to be Dismissed.**

Natchez Regional has alleged that the Defendants, among other things, breached their fiduciary duties, breached the Management Agreement contract, breached the implied covenant of good faith, acted negligently, and acted fraudulently in their dealings with Natchez Regional.

Pursuant to the Management Agreement, the Defendants were acting as the instrumentality of Natchez Regional, a public hospital. As such, the one-year statute of limitations under Mississippi Code § 11-46-11(3) applies to Natchez Regional's claims. *Sykes v. Quorum Health Resources, Inc.*, --- So. 3d ----, 2009 WL 4807310, at *6-8 (Dec. 15, 2009) (finding that QHR, which had entered into a Management Agreement with a community hospital, was an instrumentality of the public hospital and so was a state entity entitled to the protections, limitations, and immunities of the Mississippi Tort Claims Act). Any of Natchez Regional's claims arising out of alleged misconduct prior to February 12, 2008, one year before the date of the Plaintiff's bankruptcy filing, are due to be dismissed as barred by the one-year statute of limitations.

Specifically, Natchez Regional asserts that the Defendants acted negligently and in bad faith during 2006 and 2007 by allegedly misrepresenting the progress that had been made to rehabilitate the Hospital's financial condition. (Compl. ¶ 15). Natchez Regional also asserts that the Defendants presented false and misleading financial information for an extended period of

time prior to 2007. (Compl. ¶ 17). For example, the Complaint alleges that the Defendants failed to notify the Hospital that it would experience a $1.8 million loss for the fiscal year ending in September 2005, and instead represented that the Hospital had operated at a profit for the month of September 2005. (Compl. ¶¶ 41-42). This alleged wrongdoing occurred well before February 12, 2008, and any claims arising from this alleged wrongdoing are barred by the statute of limitations.

Natchez Regional asserts that the Defendants reported monthly losses in January and February of 2006, following profitable months in October, November, and December of 2005. (Compl. ¶ 43). Natchez Regional asserts that the Defendants reported record-setting revenue months in March and April of 2006. (Compl. ¶ 44). It also asserts that the Defendants reported making a profit every month from September 2006 until June 2007. (Compl. ¶ 47).

In the September 30, 2007, annual audit, Natchez Regional asserts that it discovered that the Hospital had lost approximately $1.9 million for the fiscal year ending in September 2007, despite the Defendants' alleged representations that the Hospital had operated at a profit. (Compl. ¶ 52). Natchez Regional acknowledges, however, that the Defendants' alleged projections included payments from the Medicaid Disproportionate Share Hospital program – a program created as a result of Hurricane Katrina – and that the federal government had not yet paid those amounts. (Compl. ¶ 56). Natchez Regional asserts that the Defendants belatedly disclosed in November 2007 that the Hospital had suffered a loss instead of a profit for the fiscal year ending in September 2007. (Compl. ¶ 18). Natchez Regional also asserts that in January 2008, as the September 2007 audit was being completed, the Defendants allegedly told Hospital directors that the data uncovered during the audit process indicated that the Hospital probably had lost more

money than was previously reported. (Compl. ¶ 113).

The allegedly wrongful acts and omissions of the Defendants as asserted by the Plaintiff occurred well prior to February 12, 2008. Furthermore, Natchez Regional can reasonably be said to have had knowledge of the alleged wrongful conduct and resultant injury at each of the annual audit reports and, as to the alleged misconduct related to the fiscal year ending in September 2007, at least by January 2008, when the Defendants allegedly reported the loss for the fiscal year ending in September 2007.[1] As such, Natchez Regional's tort claims – Counts 1, 3, 4, 5, 6, 7, 8, and 9 – are due to be dismissed as barred by the one-year statute of limitations.

**II. Count 3 of the Plaintiff's Complaint is Due to be Dismissed.**

Even if not barred by the statute of limitations, Count 3 is due to be dismissed for failure to state a claim upon which relief can be granted. Natchez Regional has asserted a breach of contract claim arising out of the Management Agreement in Count 2. Natchez Regional also has asserted a claim for breach of the covenant of good faith and fair dealing in Count 3. The implied covenant of good faith is not an independent basis for relief, and Count 3, therefore, should be dismissed as redundant of the breach of contract claim.

In Count 2, Natchez Regional asserts that the Management Agreement was a valid and enforceable contract, that the Management Agreement obligated QHR to perform certain functions, and that QHR failed to perform its responsibilities under the contract. (Compl. ¶¶ 127-32). In Count 3, Natchez Regional asserts that the Management Agreement was a valid and

---

[1] At the very least, the Court should dismiss the portions of those claims that arose before the fiscal year ending in September 2007, because Natchez Regional can reasonably be said to have known of the alleged wrongful conduct and resultant injuries by the time of the annual audit reports for each of the years prior to the fiscal year ending in September 2007. For those claims, the one-year statute of limitations has clearly run.

enforceable contract, that Natchez Regional was entitled to certain rights and privileges under the contract, that QHR did not act in good faith when it allegedly failed to perform its contractual duties. (Comp. ¶¶ 133-37). The allegations in Count 3 essentially restate the allegations in Count 2, and characterize QHR's alleged breaches of contract as failings in good faith.

The Southern District of Mississippi, applying Illinois law, has stated that "an implied covenant of good faith and fair dealing is not an independent basis for a cause of action." *Furr Mktg., Inc. v. Orval Kent Food Co.*, 682 F. Supp. 884, 886 (S.D. Miss. 1988) (citing *Gordon v. Matthew Bender & Co.*, 562 F. Supp. 1286, 1289 (N.D. Ill. 1983)). The Court thus determined that "while the duty of good faith and fair dealing may be significant in determining whether defendant breached the contract, breach of that duty cannot stand alone as a separate basis for relief." *Id.* QHR could find no on-point precedent under Mississippi law regarding the availability of an independent cause of action for a breach of the implied covenant of good faith and fair dealing. However, the available case law indicates that under Mississippi law, like under Illinois law as recognized by the Southern District of Mississippi, the implied covenant of good faith does not provide an independent basis for relief in this case.

The Management Agreement between Natchez Regional and QHR contains an implied covenant of good faith and fair dealing under Mississippi law, which requires that one party not make the other's performance under the contract impossible. *Cenac v. Murry*, 609 So. 2d 1257, 1272 (Miss. 1992). Natchez Regional has not alleged that QHR made performance under the Management Agreement impossible. Instead, Natchez Regional essentially "seeks to recast its breach of contract claim as a claim in equity" for breach of the implied covenant of good faith. *Union Sav. Am. Life Ins. Co. v. N. Cent. Life Ins. Co.*, 813 F. Supp. 481, 490 (S.D. Miss. 1993).

Such a recast claim, however, does not constitute an independent basis for a cause of action, because "the express contract provision[s] govern[] over the implied covenant." *Id.* at 489-90. In other words, regardless of whether the claim is articulated in terms of equity, the claim is essentially a breach of contract claim, which is governed by the express, not implied, contractual provisions.

Natchez Regional's Count 3 claim for breach of the covenant of good faith is, therefore, due to be dismissed as redundant of the breach of contract claim. *See id.* (granting summary judgment as to the plaintiff's breach of good faith claim where the claim essentially restated the breach of contract claim in terms of equity).

**III. Counts 1 and 4 of the Plaintiff's Complaint is Due to be Dismissed.**

In addition to its breach of contract claim, Natchez Regional has asserted a breach of fiduciary duty claim (Count 1) and a negligence claim (Count 4).  Just as the breach of the covenant of good faith claim was redundant of the breach of contract claim, so too are Counts 1 and 4. As such, Counts 1 and 4 are due to be dismissed for failure to state a claim.

As discussed above, Natchez Regional's breach of contract claim asserts that the Management Agreement was a valid and enforceable contract, that the Management Agreement obligated QHR to perform certain functions, and that QHR failed to perform its responsibilities under the contract. (Compl. ¶¶ 127-32). The Count 1 fiduciary duty claim asserts that Natchez Regional entered into a contractual relationship with the Defendants, that the contractual and working relationship gave rise to certain fiduciary duties on the part of the Defendants, and that the Defendants breached those duties. (Compl. ¶¶ 116-26). The Count 4 negligence claim asserts that Natchez Regional retained the Defendants to provide management services, that the

Defendants were professionals and held to a professional standards, and that the Defendants failed to adhere to those professional standards. (Compl. ¶¶ 138-43). Counts 1 and 4 essentially couch the breach of contract claim in terms of fiduciary duties and standards of care. In essence, it seems Natchez Regional is attempting to fabricate a professional malpractice claim against the Defendants where no Mississippi statute exists that would create liability for an entity such as QHR.

"'Actions for negligence are for breaches of duty. Actions on contracts are for breaches of agreements.'" *McPherson v. Gullett Gin Co.*, 100 So. 16, 18 (Miss. 1924) (quoting *Huset v. Threshing Mach. Co.*, 120 F. 865, 867 (8th Cir. 1903)). In the case of a private contract, like the Management Agreement in this case, all of "the duties and liabilities of the parties . . . are contained, measured, and governed by the contract." *McPherson*, 100 So. at 18. Though Count 4 is posed as "an action of tort" for alleged negligence, "[t]he relation . . . between the[] parties arises from the contract [and] it is a suit necessarily based upon the [alleged] breach of a contract." *Id.* Where the duties of each party are set out in the contractual provisions, therefore, any breach of those duties would give rise to a breach of contract claim, not a claim sounding in negligence. Count 4 of the Plaintiff's Complaint, thus, is due to be dismissed for failure to state a claim upon which relief can be granted.

"A fiduciary duty must exist before a breach of the duty can occur." *Callicutt v. Prof. Servs. of Potts Camp, Inc.*, 974 So. 2d 216, 222 (Miss. 2007). "'Fiduciary relationship' is a very broad term embracing both technical fiduciary relations and those informal relations which exist where one person trusts in or relies upon another." *Id.* "Whenever there is a relationship between two people in which one person is in a position to exercise a dominant influence upon the other

because of the latter's dependency upon the former, arising either from weakness of mind or body, or through trust, the law does not hesitate to characterize such relationship as fiduciary in character." *Hopewell Enters., Inc. v. Trustmark Nat'l Bank*, 680 So. 2d 812, 816 (Miss. 1996). A fiduciary duty can arise "where one person or institution assumes a trust relationship with another, such that the former, as a matter of choice or legal obligation, assumes the responsibility to act in the best interest of the latter, even to the detriment and peril of the best interests of the former." *Roman Catholic Diocese of Jackson v. Morrison*, 905 So. 2d 1213, 1239 (Miss. 2005). The Defendants were not Hospital Board members. Instead, the Defendants were retained through an arm's length negotiation, and the rights and duties of the parties to the Management Agreement were defined by the contractual provisions therein. The Defendants did not have any fiduciary relationship with Natchez Regional separate and distinct from their contractual duties. Count 1 of the Plaintiff's Complaint, thus, is due to be dismissed for failure to state a claim upon which relief can be granted.

**IV. Count 8 of the Plaintiff's Complaint is Due to be Dismissed.**

Natchez Regional asserted a claim under the Mississippi Uniform Fraudulent Transfer Act ("Fraudulent Transfer Act") in Count 8. Under the Fraudulent Transfer Act,

> A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation with actual intent to hinder, delay or defraud any creditor of the debtor.

Miss. Code. § 15-3-107. In Count 8, Natchez Regional asserts that it made payments to Quorum for management fees, payroll, and benefits under the Management Agreement. (Compl. ¶ 164). However, Natchez Regional has not alleged any fraudulent transfer to avoid a creditor. Neither

has Natchez Regional alleged that any transfer was made with an "actual intent to hinder, delay or defraud." To the contrary, Natchez Regional's assertions indicate that the money paid to Quorum was lawfully paid pursuant to Natchez Regional's obligations under the Management Agreement. As such, Count 8 of Natchez Regional's Complaint is due to be dismissed for failure to state a claim upon which relief could be granted.

## CONCLUSION

WHEREFORE, premises considered, the Defendants respectfully request that this Honorable Court enter an Order dismissing Counts 1, 3, 4, and 8 of the Plaintiff's Complaint for failure to state a claim upon which relief can be granted, and Counts 1, 3, 4, 5, 6, 7, 8, and 9 as barred by the statute of limitations.

DATED this 8th day of February, 2010.

Respectfully submitted,

 /s/ Jeremy L. Carlson
Jeremy L. Carlson (MSB-101622)
Richard E. Smith (Pro Hac Vice Application Forthcoming)
Eric J. Breithaupt (Pro Hac Vice Application Forthcoming)
Counsel for Defendants

OF COUNSEL:
CHRISTIAN & SMALL LLP
505 North Twentieth Street, Suite 1800
Birmingham, AL 35203
(205)795-6588 Telephone
(205)328-7234 Facsimile

# CERTIFICATE OF SERVICE

      I certify that I have electronically filed this pleading via the CM/ECF system, which will send electronic notification, and I have sent a copy via U.S. Mail to the following on this the 8th day of February, 2010.

Counsel for Plaintiff:

John L. Maxey, II
Kelly E. Hollingsworth
MAXEY WANN PLLC
210 E. Capitol Street
Suite 2100 Regions Plaza
P.O. Box 3977
Jackson, MS 39207

William F. Ryan, Jr.
Kevin G. Hroblak
WHITEFORD TAYLOR & PRESTON L.L.P.
Seven St. Paul Street, Suite 1800
Baltimore, MD 21202

                                                              */s/ Jeremy L. Carlson*
                                                              Jeremy L. Carlson
                                                              Counsel for Defendants